IN THE

# Supreme Court of the State of Georgia,

## AT ATLANTA,

# MARCH TERM, 1860.

Present—JOSEPH H. LUMPKIN, ⎫
        LINTON STEPHENS, ⎬ Judges.
        RICHARD F. LYON, ⎭

## NICHOLS vs. McABEE.

1. A claim, exceeding the amount over which a Justices' Court has jurisdiction, may be brought within the jurisdiction, by payments which reduce it to that amount.
2. When so reduced, it is within the statute which allows a plaintiff in Justices' Courts (under certain circumstances) to prove his account by his own oath.

*Certiorari*, in Catoosa Superior Court. Decision by Judge CROOK, at the November Term, 1859.

This was a *certiorari* sued out by Isaac B. Nichols against L. W. McAbee, to have reviewed and reversed a judgment of a Justices' Court, rendered in favor of McAbee, a case in which he was plaintiff, and Nichols was defendant.

It appeared from the return of the Justices, made to the *certiorari*, that McAbee sued Nichols in the Justices' Court for a balance of thirty-four dollars and fifty cents, due for services rendered. The original demand, or account, was

8

Nichols *vs.* McAbee.

one hundred and thirty-four dollars and fifty cents, upon which plaintiff admitted or acknowledged a payment of about one hundred dollars, and the suit was brought to recover only this balance of thirty-four dollars and fifty cents.

The defendant pleaded the general issue and set-off. At the trial in the Justices' Court, plaintiff proved, by his own oath, that he had rendered nine months and sixteen days work, at the rate of one hundred and seventy dollars per annum, and that Nichols owed him a balance of thirty-four dollars and fifty cents; in other words, that Nichols had paid him one hundred dollars. Defendant (Nichols) offered, in support of his pleas, his book of accounts, showing an indebtedness to him, by plaintiff, of twenty-one dollars: the book was proven by defendant's own oath.

The answer of the Justices state, but not clearly, that defendant, at the first trial before the Justices' Court, proved, by the depositions of one Foster, a former settlement of all accounts, to date, between the parties.

The jury (the case was on the appeal in the Justices' Court) found for the plaintiff thirty-four dollars and fifty cents. Whereupon, defendant excepted and sued out *certiorari*, on the grounds: 1st, Because the Justices erred in allowing plaintiff to prove his account by his own oath, the same being, originally, for one hundred and thirty-four dollars and fifty cents. 2d, Because the Justices erred in taking jurisdiction of the case, involving an amount over fifty dollars.

Upon hearing the *certiorari*, the presiding Judge dismissed the same, and affirmed the judgment of the Justices' Court. To which decision counsel for defendant (Nichols) excepted.

McCutchin, for the plaintiff in error.

Hackett, *contra.*

*By the Court*—Stephens, J., delivering the opinion.

1. None of the Court felt any difficulty, in this case, in affirming the ruling that a demand, whose amount places it beyond the jurisdiction of a Justices' Court, may be brought within the jurisdiction, by payments reducing it.

2. But whether an account, so reduced, is within the stat-

ute allowing the plaintiff (under certain circumstances) to prove his demand by his own oath, was a more difficult question. I thought, and still think, that the case is not within that statute, upon a sound and safe construction of it; but my colleagues informed me that a different construction had prevailed in the Courts for a great number of years, and, with entire uniformity, to the extent of their knowledge on the subject. I was not prepared to dispute it, and therefore acquiesced in what seemed to be established by authority.

Judgment affirmed.